MICHAEL L. TRACY, ESQ. (SBN 237779)
mtracy@michaeltracylaw.com
MEGAN ROSS HUTCHINS, ESQ. (SBN 227776)
mhutchins@michaeltracylaw.com
LAW OFFICES OF MICHAEL L. TRACY
2030 Main Street, Suite 1300
Irvine, CA 92614
T: (949) 260-9171
F: (866) 365-3051

FILED
08 FEB 11 PM 3: 43
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

Attorneys for Plaintiff JOHN BROCKMAN

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BROCKMAN, an individual<br><br>Plaintiff,<br><br>vs.<br><br>BEST OVERNITE EXPRESS, INC., A CALIFORNIA CORPORATION; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 08 CV 0257 LAB JMA<br><br>COMPLAINT FOR UNPAID OVERTIME UNDER CALIFORNIA LABOR CODE, MEAL BREAKS, WAITING TIME PENALTIES, OVERTIME UNDER THE FLSA, AND UNFAIR BUSINESS PRACTICES<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, JOHN BROCKMAN, alleges:

## JURISDICTION

1. This Court has jurisdiction over this mater because this complaint alleges a federal question in that violations of 29 U.S.C. §201 et seq. are alleged

## GENERAL ALLEGATIONS

2. This Court is the proper court and this action is properly filed in the County of San Diego and in this judicial district because Defendants do business in the County of San Diego, and because Defendants' obligations and liabilities arise therein, and because the work that was performed by Plaintiff in the County of San Diego is the subject of this action. Venue as to each defendant is proper in this judicial district, pursuant to Code of Civil Procedure §395.

-1-
COMPLAINT FOR LABOR VIOLATIONS

3. The true names and capacities of DOES 1 through 10 are unknown to Plaintiff, who therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained. Plaintiff is informed and believes, and hereon alleges, that some such Doe defendants are residents of California.

4. Plaintiff is informed and believes that Defendants, each and all of them, at all times material hereto, were the joint employers, parent companies, successor companies, predecessors in interest, affiliates, agents, employees, servants, joint venturers, directors, fiduciaries, representatives, and/or coconspirators of each of the remaining Defendants. The Defendants, unless otherwise alleged, at all times material hereto, performed all acts and omissions alleged herein within the course and scope of said relationship, and are a proximate cause of Plaintiff's damages as herein alleged.

**PARTIES**

5. Plaintiff JOHN BROCKMAN ("BROCKMAN") was jointly employed by Defendants from 8/30/2004 through October 31, 2007.

6. Defendant, BEST OVERNITE EXPRESS, INC. ("BOE") is a California corporation doing business in the County of San Diego, State of California.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE**

**(AGAINST BOE and DOES 1-5)**

7. Plaintiff refers to and incorporates by reference Paragraphs 1 through 6.

8. This cause of action is brought against BOE and DOES 1-5, jointly and individually.

9. Pursuant to Industrial Welfare Commission Order No. 9-2001, California Code of Regulations, Title 8, §11090, for the period of Plaintiffs' employment, Defendants were required to compensate Plaintiffs for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) in a day or forty (40) hours in a week, and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours in a day of hours worked in excess of eight (8) on the seventh consecutive work day in a week.

10. Plaintiff BROCKMAN worked more than eight (8) hours in a single workday or forty (40) hours in a single workweek on numerous occasions.

11. Plaintiff BROCKMAN was a non-exempt employee and entitled to the above overtime premiums. Defendants failed to compensate Plaintiffs for all overtime premiums.

12. Plaintiff BROCKMAN worked at least one pay period in which he was not properly paid overtime within the three (3) years prior to the initiation of this lawsuit.

13. Defendants know or should know the actual dates of overtime worked, the amount of overtime worked, and the amount of unpaid overtime due.

14. As a proximate result of Defendants' violations, Plaintiff BROCKMAN has been damaged in an amount in excess of $33,058 and subject to proof at time of trial.

15. Pursuant to Labor Code §§218.5, 218.6, 510, 1194 and California Code of Regulations, Title 8, §11090, Plaintiff BROCKMAN is entitled to recover damages for the nonpayment of overtime premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE ADEQUATE MEAL PERIODS UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE SECTION 512

### (AGAINST BOE and DOES 1-5)

16. Plaintiff refers to and incorporates by reference Paragraphs 1 through 15.

17. This cause of action is brought against BOE and DOES 1-5, jointly and individually.

18. Pursuant to Industrial Welfare Commission Order No. 9-2001, California Code of Regulations, Title 8, §11090, for the period of Plaintiffs' employment, Defendants were required to provide a thirty (30) minute meal period for any person working more than five (5) hours in a day.

19. Defendants failed to provide Plaintiffs a meal period for numerous days worked.

20. Defendants know or should know the dates for each missed meal period as well as the damages due.

21. Defendants failed to provide Plaintiff at least one meal period within the three (3)

years prior to filing this lawsuit.

22. Pursuant to Labor Code §512 and California Code of Regulations, Title 8, §11090, Plaintiff BROCKMAN is entitled to recover one (1) hour of pay at the regular rate of compensation for each workday that the meal period was not provided.

23. Plaintiff BROCKMAN prays for damages for missed meals in an amount subject to proof at time of trial.

## THIRD CAUSE OF ACTION

## WAITING TIME PENALTIES UNDER LABOR CODE SECTION 203

## (AGAINST BOE and DOES 1-5)

24. Plaintiff refers to and incorporates by reference Paragraphs 1 through 23.

25. This cause of action is brought against BOE and DOES 1-5, jointly and individually.

26. Plaintiff's employment with Defendants was terminated on October 31, 2007.

27. Defendants willfully refused and continues to refuse to pay Plaintiff BROCKMAN unpaid wages as required by Labor Code §203. Defendants know that the pay is due and are refusing to pay it.

28. Plaintiff BROCKMAN requests damages and penalties as provided by Labor Code §203 in the amount of $4,800, and subject to proof at time of trial.

## FOURTH CAUSE OF ACTION

## OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. §207 and §216

## (AGAINST ALL DEFENDANTS)

29. Plaintiff refers to and incorporates by reference Paragraphs 1 through 28.

30. This cause of action is against all Defendants, jointly and individually.

31. Plaintiff is informed and believes and hereon alleges that Defendants are subject to the provisions of the Fair Labor Standards Act. Under 29 U.S.C. §207(a) and §216(b), Plaintiff is entitled to overtime pay at a rate of one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty (40) hours in a week and an equal additional amount as liquidated damages, as well as costs and attorney's fees.

32. Plaintiff worked numerous weeks in excess of forty (40) hours.

33. Plaintiff was a non-exempt employee and entitled to the above overtime premiums. Defendants failed to compensate Plaintiff for any overtime premiums.

34. This court has jurisdiction over this cause of action because the federal statute specifically grants the employee the right to bring the action in "any Federal or State court of competent jurisdiction." 29 U.S.C. §216(b).

35. Plaintiff worked at least one week in which proper overtime premiums were not paid by Defendants under the Fair Labor Standards Act within the two (2) years prior to initiating this lawsuit.

36. Defendant BOE was the employer of Plaintiff, as the term "employer" is defined in the Fair Labor Standards Act.

37. DOES 1-10 were the employer of Plaintiff, as the term "employer" is defined in the Fair Labor Standards Act.

38. Defendants' violations of 29 U.S.C. §207 were willful and intentional.

39. Plaintiff prays for judgment for overtime pay of $33,058. This amount is subsumed by the overtime pay claimed in the First Cause of Action.

40. Plaintiff prays for judgment for liquidated damages in the amount of $33,058. This amount is supplemental to the relief requested in all other causes of action.

41. Plaintiff prays for costs and attorney's fees.

## FIFTH CAUSE OF ACTION

### VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200

### (AGAINST BOE and DOES 1-5)

42. Plaintiff refers to and incorporates by reference Paragraphs 1 through 41.

43. This cause of action is brought against BOE and DOES 1-5, jointly and individually.

44. By failing to pay overtime premiums, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code §17200, et. seq.

45. By failing to provided adequate meal breaks, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code §17200, et. seq.

46.  Plaintiff BROCKMAN prays for restitution under this Cause of Action in an amount subject to proof at time of trial.

WHEREFORE, Plaintiff prays for the following relief:

1. Damages for overtime not paid to Plaintiff BROCKMAN in an amount in excess of $33,058 and subject to proof at trial.

2. Damages for meal premiums not paid to Plaintiff BROCKMAN and class members in an amount subject to proof at trial.

3. For penalties and damages pursuant to Labor Code § 203 for Plaintiff BROCKMAN in an amount of $4,800, and subject to proof at trial.

4. For restitution and disgorgement for all unfair business practices against Plaintiff BROCKMAN and class members in an amount subject to proof at trial.

5. For prejudgment and post judgment interest.

6. Cost of suit.

7. Attorneys' fees.

8. For such other and further relief as the court may deem proper.

DATED: February 7, 2008                          LAW OFFICES OF MICHAEL TRACY

By: _____
MICHAEL TRACY, Attorney for Plaintiff
JOHN BROCKMAN

### DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial.

DATED: February 7, 2008                          LAW OFFICES OF MICHAEL TRACY

By: _____
MICHAEL TRACY, Attorney for Plaintiff
JOHN BROCKMAN

```
            UNITED STATES
            DISTRICT COURT
         SOUTHERN DISTRICT OF CALIFORNIA
              SAN DIEGO DIVISION

           # 147497    - BH
           * * C O P Y * *
           February 11, 2008
               15:39:57

            Civ Fil Non-Pris
        USAO #.: 08CV0257 CIVIL FILING
        Judge..: LARRY A BURNS
        Amount.:                $350.00 CK
        Check#.: BC# 1460


        Total->    $350.00


        FROM: BROCKMAN V. BEST OVERNITE EXP.
              CIVIL FILING
```

○JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JOHN BROCKMAN

**(b)** County of Residence of First Listed Plaintiff   SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
L/O OF MICHAEL TRACY, 2030 MAIN STREET, SUITE 1300
IRVINE, CA 92614

## DEFENDANTS
BEST OVERNITE EXPRESS, INC. et al.

FILED
08 FEB 11 PM SAN DIEGO
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

County of Residence of First Listed Defendant   SAN DIEGO
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
BY:                                     DEPUTY
'08 CV 0257 LAB JMA

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  |  ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 USC SECTION 201
Brief description of cause:
EMPLOYMENT VIOLATIONS

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE  02/08/2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 147497   AMOUNT $350    2/11/08 BH   APPLYING IFP   JUDGE _____   MAG. JUDGE _____