Kathleen C. Jeffries (State Bar #110362)
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 460
Pasadena, California 91101
Telephone:  (626) 795-4700
Facsimile:   (626) 795-4790
kjeffries@scopelitis.com

Attorneys for Defendant
BEST OVERNITE EXPRESS, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BROCKMAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BEST OVERNITE EXPRESS, INC., A CALIFORNIA CORPORATION; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 08 CV 0257 LAB JMA<br><br>ANSWER OF DEFENDANT BEST OVERNITE EXPRESS, INC. TO COMPLAINT OF PLAINTIFF JOHN BROCKMAN |

Defendant Best Overnite Express, Inc. ("Best Overnite") answers the complaint of plaintiff John Brockman ("plaintiff") on file herein as follows:

<u>FIRST DEFENSE</u>

1.      Best Overnite admits the allegations of paragraphs 1 and 2 of said complaint.

2.      Best Overnite alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 3 and 4 of said complaint.

///

1

3.      In answer to the allegations of paragraph 5 of said complaint, Best Overnite admits and alleges that between August 30, 2004 and October 31, 2007, John Brockman was employed by Best Overnite. Except as herein specifically admitted and alleged, Best Overnite denies each and every allegation contained in said paragraph.

4.      Best Overnite admits the allegations of paragraph 6 of said complaint.

5.      In answer to the allegations of paragraph 7 of said complaint, Best Overnite hereby realleges and incorporates by reference as though set forth fully herein each and every admission, allegation and denial contained in paragraphs 1 through 4 herein.

6.      Best Overnite alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of said complaint.

7.      Best Overnite denies each and every allegation contained in paragraphs 9 through 13 of said complaint.

8.      Best Overnite denies each and every allegation contained in paragraph 14 of said complaint, and further specifically denies that plaintiff has been damaged in any sum whatsoever or at all by Best Overnite.

9.      Best Overnite denies each and every allegation contained in paragraph 15 of said complaint.

10.     In answer to the allegations of paragraph 16 of said complaint, Best Overnite hereby realleges and incorporates by reference as though set forth fully herein each and every admission, allegation and denial contained in paragraphs 1 through 9 herein.

///

2

11.    Best Overnite alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of said complaint.

12.    Best Overnite admits the allegations of paragraph 18 of said complaint.

13.    Best Overnite denies each and every allegation contained in paragraphs 19 through 21 of said complaint.

14.    Best Overnite denies each and every allegation contained in paragraph 22 of said complaint, and further specifically denies that plaintiff has been damaged in any sum whatsoever or at all by Best Overnite.

15.    Best Overnite alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of said complaint.

16.    In answer to the allegations of paragraph 24 of said complaint, Best Overnite hereby realleges and incorporates by reference as though set forth fully herein each and every admission, allegation and denial contained in paragraphs 1 through 15 herein.

17.    Best Overnite alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of said complaint.

18.    In answer to the allegations of paragraph 26 of said complaint, Best Overnite admits and alleges that on or about October 31, 2007, John Brockman voluntarily terminated his employment with Best Overnite.

19.    Best Overnite denies each and every allegation contained in paragraph 27 of said complaint.

3

20.    Best Overnite denies each and every allegation contained in paragraph 28 of said complaint, and further specifically denies that plaintiff has been damaged in any sum whatsoever or at all by Best Overnite.

21.    In answer to the allegations of paragraph 29 of said complaint, Best Overnite hereby realleges and incorporates by reference as though set forth fully herein each and every admission, allegation and denial contained in paragraphs 1 through 20 herein.

22.    Best Overnite alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of said complaint.

23.    Best Overnite denies each and every allegation contained in paragraphs 31 through 33 of said complaint.

24.    Best Overnite alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of said complaint.

25.    Best Overnite denies each and every allegation contained in paragraph 35 of said complaint.

26.    Best Overnite admits the allegations of paragraph 36 of said complaint.

27.    Best Overnite alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of said complaint.

28.    Best Overnite admits the allegations of paragraph 38 of said complaint.

///

///

4

29.    Best Overnite denies each and every allegation contained in paragraph 39 of said complaint, and further specifically denies that plaintiff has been damaged in any sum whatsoever or at all by Best Overnite.

30.    Best Overnite admits the allegations of paragraphs 40 and 41 of said complaint.

31.    In answer to the allegations of paragraph 42 of said complaint, Best Overnite hereby realleges and incorporates by reference as though set forth fully herein each and every admission, allegation and denial contained in paragraphs 1 through 30 herein.

32.    Best Overnite alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of said complaint.

33.    Best Overnite admits the allegations of paragraphs 44 and 45 of said complaint.

34.    Best Overnite denies each and every allegation contained in paragraph 46 of said complaint, and further specifically denies that plaintiff has been damaged in any sum whatsoever or at all by Best Overnite.

<u>SECOND DEFENSE</u>

35.    Pursuant to 29 U.S.C. §213(b)(1), employees, such as plaintiff herein, who are subject to the jurisdiction of the Secretary of Transportation under the Motor Carriers Act, 49 U.S.C. §3102(b), are exempt from the overtime provisions of the Federal Labor Standards Act.

36.    By virtue of the foregoing, plaintiff is barred from any recovery whatsoever from or against Best Overnite under the fourth and fifth causes of action of said complaint.

///

5

THIRD DEFENSE

37.    Pursuant to California Industrial Welfare Commission Wage Order No. 9-2001 at section 3(L), employees, such as plaintiff herein, who serve as interstate drivers, are exempt from the state's overtime regulations.

38.    By virtue of the foregoing, plaintiff is barred from any recovery whatsoever from or against Best Overnite under the first, third and fifth causes of action of said complaint.

FOURTH DEFENSE

39.    Best Overnite has paid to plaintiff herein, on a timely basis and with proper itemization, all wages to which plaintiff was entitled.

40.    By virtue of the foregoing, plaintiff is barred from any recovery whatsoever from or against Best Overnite on any of the causes of action of said complaint.

FIFTH DEFENSE

41.    Without admitting that plaintiff has been damaged in any sum whatsoever or at all, Best Overnite is informed and believes and based on such information and belief alleges that if plaintiff has suffered any damages as alleged in his complaint, such damages were proximately caused in whole or in part by plaintiff's own acts or omissions; and any damages otherwise recoverable by plaintiff should be reduced in the proportion to which such damages resulted from his own said conduct.

SIXTH DEFENSE

42.    Said complaint fails to state a cause of action against Best Overnite upon which relief can be granted.

///

///

6

Case No. 08 CV 0257 LAB JMA

1    WHEREFORE, defendant Best Overnite Express, Inc. prays for

2    judgment as follows:

3        1.    That plaintiff take nothing by his complaint;

4        2.    That said complaint be dismissed with prejudice;

5        3.    For Best Overnite's costs of suit incurred herein; and

6        4.    For such other and further relief as this Court may deem

7    just and proper.

8

9    Dated: April 2, 2008            SCOPELITIS, GARVIN, LIGHT, HANSON &
                                      FEARY, LLP

10

11                                   By:    /s/Kathleen C. Jeffries
                                            Kathleen C. Jeffries
12                                          Attorneys for Defendant
                                            BEST OVERNITE EXPRESS, INC.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                   7

28
_____

**PROOF OF SERVICE**

I, **Kathleen C. Jeffries**, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2 North Lake Avenue, Suite 460, Pasadena, California 91101.

On, April 2, 2008, I served the foregoing document described as **ANSWER OF DEFENDANT BEST OVERNITE EXPRESS, INC. TO COMPLAINT OF PLAINTIFF JOHN BROCKMAN** on interested parties in this action by placing a √ true copy/ the _ original thereof enclosed in a sealed envelope addressed as follows:

> Mr. Michael Tracy
> Law Offices of Michael Tracy
> 2030 Main Street, Suite 1300
> Irvine, California 92614
> **(Attorney for plaintiff John Brockman**

√    **(BY MAIL)** I deposited such envelope in the mail at Pasadena, California. The envelope was mailed with postage thereon fully prepaid.

√    I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

√    **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 2, 2008, at Pasadena, California.

_____/s/_____
Kathleen C. Jeffries

8